1  McGREGOR W. SCOTT
United States Attorney
2  ADRIAN T. KINSELLA
Assistant United States Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.  2:20-CR-0123-JAM-1

12                        Plaintiff,      STIPULATION REGARDING USE OF
                                          VIDEOCONFERENCING DURING PLEA
13              v.                        HEARING AND CONSENT TO USE OF
                                          SIGNATURE; FINDINGS AND ORDER
14  STEVEN LAWRENCE ROBINSON,
                                          DATE: October 27, 2020
15                        Defendant.      TIME: 9:30 a.m.
                                          COURT: Hon. John A. Mendez
16

17                              **BACKGROUND**

18        On July 23, 2020, a grand jury indicted defendant Steven Lawrence Robinson with a violation of

19  21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and to Possess with Intent to Distribute Fentanyl,

20  (Count One);  and two violations of 21 U.S.C. §841(a)(1) – Possession with Intent to Distribute Fentanyl

21  (Counts Two & Three).  The parties are prepared to proceed with a plea hearing on October 27, 2020.

22        On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

23  ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief

24  District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1)

25  such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;"

26  and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

27  case cannot be further delayed without serious harm to the interests of justice."  *Id.*, Pub. L. 116-23

28  § 15002(b)(2).

          On March 29, 2020, the Judicial Conference of the United States made the findings required by

the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety."  Accordingly, the findings of the Judicial Conference and General Order 620 establish that plea and sentencing hearings cannot take safely take place in person.

In order to authorize plea hearings by remote means, however, the CARES Act—as implemented by General Order 620—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice."  General Order 620 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by teleconference.

In addition, General Order 616 permits defense counsel to sign a plea electronically on the defendant's behalf where the Court finds that obtaining an actual signature is impracticable or imprudent in light of the public health situation relating to COVID-19.

The parties hereby stipulate and agree that each of the requirements of the CARES Act, General Order 620, and General Order 616 have been satisfied in this case.  They request that the Court enter an order making the specific findings required by the CARES Act and General Order 620.  Specifically, for the reasons further set forth below, the parties agree that:

1)      The plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California;

2)      The defendant waives his physical presence at the hearing and consents to remote hearing by videoconference and counsel joins in that waiver; and

1       3)   Obtaining an actual signature from the defendant is impracticable or imprudent in light of

2   the public health situation relating to COVID-19 and the defendant has had an opportunity to consult

3   with counsel and consents to defense counsel's signing of the plea agreement on defendant's behalf.

4   **STIPULATION**

5       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6   through defendant's counsel of record, hereby stipulate as follows:

7       1.   The Governor of the State of California declared a Proclamation of a State of Emergency

8   to exist in California on March 4, 2020.

9       2.   On March 13, 2020, the President of the United States issued a proclamation declaring a

10   National Emergency in response to the COVID-19 pandemic.

11       3.   In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and

12   other public health authorities have suggested the public avoid social gatherings in groups of more than

13   10 people and practice physical distancing (within about six feet) between individuals to potentially

14   slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact,

15   and no vaccine currently exists.

16       4.   These social distancing guidelines – which are essential to combatting the virus – are

17   generally not compatible with holding in-person court hearings.

18       5.   On March 17, 2020, this Court issued General Order 611, noting the President and

19   Governor of California's emergency declarations and CDC guidance, and indicating that public health

20   authorities within the Eastern District had taken measures to limit the size of gatherings and practice

21   social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to

22   commence before May 1, 2020.

23       6.   On March 18, 2020, General Order 612 issued.  The Order closed each of the courthouses

24   in the Eastern District of California to the public.  It further authorized assigned district court judges to

25   continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General

26   Order 612 incorporated General Order 611's findings regarding the health dangers posed by the

27   pandemic.

28       7.   On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

S<small>TIPULATION</small> R<small>EGARDING</small> H<small>EARING</small>   3

1    emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low

2    resources across its heavy caseload."  The report accompanying the Judicial Council's declaration

3    analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the

4    District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

5    weighted filings) and its shortage of judicial resources (the District is currently authorized only six

6    district judges; two of those positions are currently vacant and without nominations).  The report further

7    explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

8    guidance regarding gatherings of individuals.

9        8.    On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

10   2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

11       9.    On May 13, 2020, General Order 618 issued, continuing court closures until further

12   notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

13       10.   On June 29, 2020, this Court issued General Order 620, finding that felony pleas could

14   not be conducted in person without seriously jeopardizing public health and safety.

15       11.   On September 30, 2020, this Court issued General Order 624, finding that felony pleas

16   still could not be conducted in person without seriously jeopardizing public health and safety.

17       12.   Given these facts, it is essential that Judges in this District resolve as many matters as

18   possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these

19   hearings now, this District will be in a better position to work through the backlog of criminal and civil

20   matters once in-person hearings resume.

21       13.   The defendant has an interest in resolving his case by guilty plea and proceeding to

22   sentencing.  Were this Court to delay the change of plea hearing until a time when the proceeding may

23   be held in person, the defendant's interest in furthering his case toward sentencing would be

24   thwarted.  In addition, the government has an interest in timely resolution of this case.  The plea hearing

25   in this case accordingly cannot be further delayed without serious harm to the interests of justice.

26       14.   Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-

27   teleconference.  Counsel joins in this consent.

28       15.   The defendant has consulted with his counsel regarding the plea agreement offer

STIPULATION REGARDING HEARING                    4

extended to him by the government.  Obtaining an actual signature from the defendant, who is incarcerated at the Sacramento County Main Jail, would be both impracticable and imprudent in light of safety measures in place there to combat the COVID-19 public health pandemic.  Pursuant to General Order 616, the defendant consents to his defense counsel signing the plea agreement on his behalf using an electronic signature.

IT IS SO STIPULATED.


Dated:  October 14, 2020                              McGREGOR W. SCOTT
                                                      United States Attorney


                                                      /s/ ADRIAN T. KINSELLA
                                                      ADRIAN T. KINSELLA
                                                      Assistant United States Attorney


Dated:  October 14, 2020                              /s/ MEGAN HOPKINS
                                                      MEGAN HOPKINS
                                                      Counsel for Defendant
                                                      STEVEN LAWRENCE ROBINSON

//
//
//
//
//
//
//
//
//
//
//

**FINDINGS AND ORDER**

1.  The Court adopts the findings above.

2.  Further, the Court specifically finds that:

   a)  The plea hearing in this case cannot be further delayed without serious harm to the interest of justice;

   b)  The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference; and

   c)  Obtaining an actual signature from the defendant is impracticable or imprudent in light of the public health situation relating to COVID-19 and defense counsel may electronically sign the plea agreement on behalf of the defendant.

3.  Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act, General Order 616, and General Order 620, the plea hearing in this case will be conducted by videoconference and defense counsel may electronically sign the plea agreement on behalf of the defendant.

IT IS SO FOUND AND ORDERED this 15th day of October, 2020.

          /s/ John A. Mendez
          THE HONORABLE JOHN A. MENDEZ
          UNITED STATES DISTRICT COURT JUDGE